IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
DENVER DIVISION

| | | |
|---|---|---|
| JEREMIAH HEIKKILA and KEVIN BRENGELMANN, On Behalf of Themselves and All Others Similarly Situated, | § § § § | |
| Plaintiffs, | § § | |
| V. | § § | CIVIL ACTION NO. 1:15-cv-500 |
| PATTERSON-UTI DRILLING COMPANY, LLC | § § | JURY TRIAL DEMANDED |
| Defendant. | § § § | CLASS ACTION |

## PLAINTIFFS' ORIGINAL CLASS ACTION COMPLAINT

Plaintiffs, JEREMIAH HEIKKILA ("Heikkila") and KEVIN BRENGELMANN ("Brengelmann"), on behalf of themselves and all other similarly situated affected employees, file this Complaint against PATTERSON-UTI DRILLING COMPANY, LLC ("Patterson" or "Defendant"), showing in support as follows:

### I.      NATURE OF THE CASE

1.      This is a civil action brought by Plaintiffs pursuant to the Worker Adjustment and Retraining Notification Act of 1988, 29 U.S.C. §§ 2101-2109 *et seq.*, (the "WARN Act") for Defendant's failure to give the required WARN Act written notice to Plaintiffs and similarly situated individuals (the "Class Members") in connection with a recent Mass Layoff and/or Plant Closing at Defendant's single site of employment/operational units within that single site of employment relative to Defendant's "Rockies Region" drilling operations. On information and belief, Defendant's yard in Fruita, Colorado is/was the single site of employment for Plaintiffs and the Class Members working in the Rockies Region. Alternatively, Plaintiffs reserve the right

to modify the class definition or establish sub-classes should discovery reveal more than one single site of employment, as defined by the WARN Act, within Defendant's Rockies Region operations.

2.      Accordingly, Defendant is liable under the WARN Act for failing to provide Plaintiffs and the Class Members written notice, including 60 days' advance written notice, as required by the WARN Act.

## II.      THE PARTIES, JURISDICTION AND VENUE

### A.      Plaintiff Jeremiah Heikkila

3.      Heikkila is a natural person who resides in Ogden, Utah. He has standing to file this lawsuit.

4.      Heikkila was employed by Defendant at/from/through Defendant's yard located at or near 1509 Hwy 6 & 50, Fruita, Colorado 81521 (the "Fruita Yard").

5.      Heikkila's employment with Defendant began on or about June 10, 2014. Heikkila's employment with Defendant was verbally terminated without any advance written warning on or about February 17, 2015 ("Heikkila's Employment Loss"). At all times relevant between those dates, Heikkila was a full time employee of Defendant.

### B.      Plaintiff Kevin Brengelmann

6.      Brengelmann is a natural person who resides in Salt Lake City, Utah. He has standing to file this lawsuit.

7.      Brengelmann was employed by Defendant, and was hired through the Fruita Yard. However, Brengelmann's primary work for Defendant was on drilling rigs of Defendant in

Wyoming which was supported, in part, by Defendant's yard located at or near 5981 Poison Spider Rd, Casper, Wyoming 82604 (the "Casper Yard").

8.       Brengelmann's employment with Defendant began on or about July 14, 2014. Brengelmann's employment with Defendant was verbally terminated without any advance written warning on or about February 16, 2015 ("Brengelmann's Employment Loss"). At all times relevant between those dates, Brengelmann was a full time employee of Defendant.

C.       **Class Members**

9.       The Class Members are affected employees who are similarly situated to Plaintiffs, and who were or may reasonably be expected to experience an employment loss as a consequence of Defendant's Mass Layoff at its single site of employment within Defendant's "Rockies Region" in the 30 day or 90 day period from Brengelmann's employment loss. On information and belief, that single site of employment, pursuant to the WARN Act, is Defendant's Fruita Yard.

10.      Alternatively, the Class Members are affected employees who are similarly situated to Plaintiffs, and who were or may reasonably be expected to experience an employment loss as a consequence of Defendant's Plant Closing at Defendant's single site of employment/operational units at/within that single site of employment within Defendant's "Rockies Region" in the 30 day or 90 day period from Brengelmann's employment loss. On information and belief, that single site of employment, pursuant to the WARN Act, is Defendant's Fruita Yard.

11.      Alternatively, should discovery reveal that there is more than one single site of employment for Plaintiffs and the Class Members in connection with Defendant's "Rockies

Region" operations (*e.g.* the Fruita Yard and the Casper Yard), then Plaintiffs reserve the right to modify the class definition or establish sub-classes in connection with any amended pleading and/or motion for class certification.

### D.    Patterson-UTI Drilling Company, LLC

12.     On information and belief, Defendant is a Texas limited liability company incorporated under the laws of the State of Texas.

13.     During all times relevant to this lawsuit, Defendant has done business in the State of Colorado.

14.     During the time period relevant to this lawsuit, Defendant, in addition to maintaining the Fruita Yard in Colorado and performing drilling operations in Colorado, has maintained its marketing office for operations in the Rockies Region at or near 1660 Wynkoop Street, Suite 1100, Denver, Colorado 80202.

15.     On information and belief, Defendant's corporate headquarters is located at 450 Gears Road, Suite 500, Houston, Texas 77067.

16.     Defendant may be served with summons through its registered agent, The Corporation Company, 1675 Broadway, Denver, Colorado 80202.

### E.    Jurisdiction and Venue

17.     The Court has personal jurisdiction over Defendant based on both general and specific jurisdiction.

18.     During all times relevant to this lawsuit, Defendant has done business in the State of Colorado and continues to do business in the State of Colorado.

19.     The Court has subject matter jurisdiction over this case based on federal question jurisdiction, 28 U.S.C. § 1331, because Plaintiffs base their claims, and the claims of the Class Members, on federal law, namely 29 U.S.C. §§ 2101-2109.

20.     Venue is proper in the United States District Court for the District of Colorado because a substantial part of the events giving rise to the claims in this lawsuit occurred in this District. Moreover, pursuant to the WARN Act's venue provision, venue is proper in this District because, at all relevant times, Defendant transacted business in this District. 29 U.S.C. § 2104(a)(5).

21.     Venue is proper in the Denver Division of the United States District Court for the District of Colorado because Defendant maintains business operations and, at all relevant times, transacted business within the Denver Division. Additionally, a substantial part of the events giving rise to the claims in this lawsuit occurred within the Denver Division.

### III.     FACTUAL BACKGROUND

22.     Plaintiffs incorporate the preceding paragraphs by reference as if set forth fully in this section.

23.     On information and belief, and at all material times, Defendant is and has been a business enterprise that employs 100 or more employees, excluding part-time employees and employees who have worked less than 6 months in the 12 month period preceding the first date that WARN Act notice was required to be given.

24.     Plaintiffs and the class members performed oil and/or gas exploration/production work in connection with Defendant's drilling rigs in and around Defendant's "Rockies Region,"

which, on information and belief, includes Defendant' drilling and support of drilling operations in Colorado, Wyoming and Utah (the "Rockies Region").

25.     On information and belief, the Fruita Yard is/was the single site of employment, as defined by the WARN Act, for employees of Defendant, such as Plaintiffs and the Class Members, working in the Rockies Region. Although Defendant also maintains/maintained the Casper Yard in the Rockies Region, on information and belief, management of Defendant's Rockies Region drilling rigs, in addition to management and personnel support of Plaintiffs and the Class members, is/was conducted at/from/through the Fruita Yard. The Fruita Yard is/was the hiring office for employees at both the Fruita Yard and the Casper Yard, and for the Rockies Region as a whole. The Fruita Yard was the hiring office for Plaintiffs. Defendant's employees and equipment were shared throughout the Rockies Region operational area.

26.     Defendant operated numerous drilling rigs in its Rockies Region drilling operations. Each drilling rig consisted of multiple crews that worked various shifts. Such a typical drilling rig included, during a 14 day hitch or work crew rotation, two tool pushers, two drillers, two derrick men, two motor men, and four to six floor hands that split daily operations into 12 hour shifts in a typical workday. During the subsequent hitch or work rotation, that crew would typically be replaced by another crew of similar structure and number with the only remaining employees usually being the tool pushers. So, a typical drilling rig of Defendant would have a crew of approximately 22 to 26 employees, exclusive of support personnel such as mechanics, drivers, and administrative support.

27.     Each such drilling rig constitutes/constituted an operational unit of the single site of employment made the subject matter of this lawsuit. Defendant operated approximately 17

drilling rigs in the Rockies Region at/from/through that single site of employment 30 days and/or 90 days prior to Brengelmann's employment loss.

28.     Each Plaintiff worked with numerous other employees of Defendant. Those employees performed drilling operations/support of drilling operations in the Rockies Region. Like Plaintiffs, those workers are/were subject to Defendant's Mass Layoff and/or Plant Closing made the subject matter of this lawsuit.

29.     Heikkila was verbally notified by Defendant on or about February 17, 2015 that his employment with Defendant was terminated. Brengelmann was verbally notified by Defendant on or about February 16, 2015 that his employment with Defendant was terminated. Plaintiffs were not discharged for cause, did not voluntarily resign, and did not retire.

30.     On and around the time of their verbal terminations, Plaintiffs learned that numerous other similarly situated employees working in Defendant's Rockies Region suffered an employment loss. In fact, around the time of Plaintiffs' employment losses, Defendant began the process of "stacking rigs" whereby drilling rigs are removed from operational work and stored with their crews typically being terminated as employees or otherwise experiencing an employment loss. On information and belief, and during the time period relevant to Plaintiffs' claims, Defendant stacked all but six of its drilling rigs operating in the Rockies Region at/from/through the single site of employment made the subject matter of this lawsuit. On information and belief, support personnel at the Fruita Yard and/or Casper Yard, such as mechanics, drivers, and/or administrative employees, also experienced employment losses in connection with the stacking of drilling rigs and employment losses of the drilling rig crews.

31.     On information and belief, the employment losses at the single site of employment for the Rockies Region made the subject matter of this lawsuit occurred within a 30 day period of Brengelmann's employment loss. Alternatively, and on information and belief, those employment losses occurred within a 90 day period of Brengelmann's employment loss, such employment losses not being the result of separate and distinct actions and causes.

32.     On information and belief, 50 or more employees totaling 1/3 or more of the workforce assigned to/working out of the single site of employment for the Rockies Region experienced employment losses during the relevant time period. On information and belief, said employment losses were not bona fide discharges for cause, voluntary departures, or retirements. On information and belief, 50 or more of those affected employees totaling 1/3 or more of the workforce assigned to/working out of the single site of employment for the Rockies Region had been full-time employees of Defendant for six or more months in the 12 month period preceding the date WARN Act notice was due.

33.     The exact number of employees who experienced an employment loss at the single site of employment made the basis of this lawsuit within a 30 day and 90 day period of Brengelmann's employment loss is information that is only known to Defendant. Similarly, the exact number of employees employed at/from/through that site of employment is information that is currently known only to Defendant.

34.     Plaintiffs and the Class Members were not provided with 60 days' advance written notice by Defendant of their employment loss, Mass Layoff and/or Plant Closing.

35.     Plaintiffs and the Class Members were not provided with any written notice by Defendant prior to their employment loss, Mass Layoff and/or Plant Closing.

36.     Plaintiffs and the Class Members were not provided with written notice, at any time prior to their termination, of each and every of the following items in connection with their employment loss: (a) A statement as to whether the planned action is expected to be permanent or temporary and, if the entire plant is to be closed, a statement to that effect;  (b) The expected date when the plant closing or mass layoff will commence and the expected date when the individual employee will be separated; (c) An indication whether or not bumping rights exist; and (d) The name and telephone number of a company official to contact for further information.

## IV.    WARN ACT CLAIMS

37.     Plaintiffs incorporate the preceding paragraphs by reference as if set forth fully in this section.

38.     At material times, Plaintiffs and the Class Members were "full-time employees" of Defendant as that term is used in the Warn Act.

39.     At all material times, Defendant was and is an employer under the WARN Act. 29 C.F.R. § 639.3(a).

40.     At material times, Defendant employed, and continues to employ, 100 or more employees, excluding part-time employees.

41.     On information and belief, Defendant's Fruita Yard constitutes/constituted a single site of employment for Plaintiffs and the Class Members. 29 C.F.R. § 639.3(i).

42.     Each drilling rig operating at/from/through Defendant's Fruita Yard in connection with Defendant's Rockies Region drilling operations constitutes/constituted an operational unit within that single site of employment of Defendant. 29 C.F.R. § 639.3(j).

43. Plaintiffs maintain this action on behalf of themselves and on behalf of each other similarly situated employee.

44. Each Class Member is similarly situated to Plaintiffs with respect to his or her rights under the WARN Act. 29 U.S.C. § 2104(a)(5).

A.    **Mass Layoff**

45. During a 30 day or 90 day period from Brengelmann's employment loss, Defendant ordered/executed a "Mass Layoff" at the single site of employment made the subject matter of this lawsuit. 29 C.F.R. §§ 639.3(c) & 639.5(a)(1).

46. Plaintiffs and the Class Members suffered an employment loss in connection with Defendant's "Mass Layoff" made the subject matter of this lawsuit. 29 C.F.R. § 639.3(f).

47. On information and belief, 1/3 of the employees at the single site of employment made the subject matter of this lawsuit, totaling 50 or more employees, suffered an employment loss as a result of that Mass Layoff.

48. Plaintiffs and the Class Members are aggrieved and affected employees under the WARN Act in connection with Defendant's Mass Layoff made the subject matter of this lawsuit. 29 U.S.C. § 2101(5); 29 C.F.R. § 639(e). Plaintiffs and the Class Members were employees of Defendant who did not receive the written notice required by 29 U.S.C. § 2102 and were reasonably expected by Defendant and/or should have been reasonably expected by Defendant to experience an employment loss as a result of Defendant's Mass Layoff made the subject matter of this lawsuit.

B.    **Plant Closing**

49.    Pleading in the alternative, and on information and belief, with the number of drilling rigs stacked within 30 days or 90 days of Brengelmann's employment loss, Plaintiffs and the Class Members experienced a "Plant Closing." 29 C.F.R. §§639.3(b) & 639.5(a). "Plant Closing" means the "permanent or temporary shutdown of a 'single site of employment', or one or more 'facilities or operating units' within a single site of employment, if the shutdown results in an 'employment loss' during any 30-day period at the single site of employment for 50 or more employees, excluding any part-time employees." 29 C.F.R. § 639.3(b). Each drilling rig operating at/from/through the single site of employment made the basis of this lawsuit was an operational unit of that single site of employment. 29 C.F.R. § 639.3(j).

50.    Plaintiffs and the Class Members are aggrieved and affected employees under the WARN Act in connection with Defendant's Plant Closing made the subject matter of this lawsuit. 29 U.S.C. § 2101(5); 29 C.F.R. § 639(e). Plaintiffs and the Class Members were employees of Defendant who did not receive the written notice required by 29 U.S.C. § 2102 and were reasonably expected by Defendant and/or should have been reasonably expected by Defendant to experience an employment loss as a result of Defendant's Plant Closing made the subject matter of this lawsuit.

C.    **No Written Notice of Mass Layoff and/or Plant Closing**

51.    Plaintiffs and the Class Members were not provided with 60 calendar days' advance written notice by Defendant of their planned/upcoming employment loss, Mass Layoff and/or Plant Closing.

52.     Plaintiffs and the Class Members were not provided with any written notice by Defendant prior to their employment loss, Mass Layoff and/or Plant Closing.

53.     Plaintiffs and the Class Members were not provided with written notice, at any time prior to their employment loss, of each and every of the following items in connection with their employment loss, Mass Layoff and/or Plant Closing: (a) A statement as to whether the planned action is expected to be permanent or temporary and, if the entire plant is to be closed, a statement to that effect;  (b) The expected date when the plant closing or mass layoff will commence and the expected date when the individual employee will be separated; (c) An indication whether or not bumping rights exist; and (d) The name and telephone number of a company official to contact for further information.

54.     On information and belief, Defendant did not notify the Colorado, Wyoming, and Utah agencies responsible for dislocated workers with the notice provisions required by 29 U.S.C. § 2102(a) and 29 C.F.R. § 639.7(e) in connection with the Mass Layoff and/or Plant Closing made the subject matter of this lawsuit.

55.     On information and belief, Defendant did not notify the Colorado, Wyoming, and Utah agencies responsible for dislocated workers with the notice provisions required by 29 U.S.C. § 2102(a) and 29 C.F.R. § 639.7(e) in connection with the employment loss of Plaintiffs and the Class Members.

**D.**     **Damages**

56.     As a result of Defendant's violations of the WARN Act, Plaintiffs and the Class Members have suffered damages. Plaintiffs and the Class Members seek all damages available to

them in connection with the claims set forth in this lawsuit, including 60 days' wages and benefits as provided by the WARN Act. 29 U.S.C. § 2104.

## V.     CLASS ACTION ALLEGATIONS

57.     Plaintiffs incorporate the preceding paragraphs by reference as if set forth fully in this section.

58.     Plaintiffs bring this action as a class action under Federal Rule of Civil Procedure 23(a), (b)(1) and (3) and the WARN Act 29 U.S.C. § 2104(a)(5).

59.     Plaintiffs bring this action on behalf of themselves and all other similarly situated employees. Plaintiffs seek to represent a Class initially defined as: "All of Defendant's employees working at/from/through its single site of employment for the Rockies Region who experienced an employment loss during the 30 or 90 day period from February 16, 2015 without 60 days' advance written notice required by the WARN Act." Plaintiffs request the opportunity to expand, narrow or modify the class definition pursuant to a motion for class certification and/or amended pleading to the extent discovery reveals that there is more than one single site of employment for Defendant's Rockies Region.

60.     Plaintiffs and the Class Members are "affected employee(s)" subject to an "employment loss," as those terms are defined in the WARN Act at 29 U.S.C. § 2101(a)(5) and (6).

61.     Plaintiffs' claims satisfy the numerosity, commonality, typicality, adequacy and superiority requirements of a class action.

62.     On information and belief, the Class Members exceed 300 in number, and joinder is therefore impracticable. The precise number of Class Members and their addresses are readily determinable from Defendant's records.

63.     There are common questions of fact and law as to the class that predominate over any questions affecting only individual class members. The questions of law and fact common to the class arising from Defendant's actions/omissions include, but are not limited to, the following:

        a.   Whether the provisions of the WARN Act apply;

        b.   Whether Defendant's employees at the single site of employment for Defendant's Rockies Region experienced an employment loss in connection with a "Mass Layoff" and/or "Plant Closing" under the WARN Act;

        c.    Whether Defendant failed to provide the notices required by the WARN Act;

        d.   Whether Defendant can avail itself of any provisions of the WARN Act permitting lesser periods of written notice; and

        e.   The appropriate method to calculate damages under the WARN Act.

64.     The questions above predominate over any questions affecting only individual persons, and a class action is superior with respect to considerations of consistency, economy, efficiency, fairness and equity, to other available methods for the fair and efficient adjudication of the WARN Act claims.

65.     A class action is the superior method for the fair and efficient adjudication of this controversy. Defendant has acted or refused to act on grounds generally applicable to the class. The presentation of separate actions by individual class members could create a risk of

inconsistent and varying adjudications, establish incompatible standards of conduct for Defendant, and/or substantially impair or impede the ability of class members to protect their interests.

66.     Plaintiffs are affected former employees of Defendant who experienced an employment loss during the relevant 30 day and 90 day "look ahead" and "look behind" periods of the WARN Act, 20 C.F.R. § 639.5, without the required written notice. Plaintiffs are, therefore, members of the class. Plaintiffs are committed to pursuing this action and have retained counsel with extensive experience in prosecuting complex wage, employment, and class action litigation. Accordingly, Plaintiffs are an adequate representative of the class and have the same interests as all of its members. Further, Plaintiffs' claims are typical of the claims of all members of the Class, and Plaintiffs will fairly and adequately protect the interests of the absent members of the class. Plaintiffs and their counsel do not have claims or interests that are adverse to the Class Members.

67.     Furthermore, class action treatment of this lawsuit is authorized and appropriate under the WARN Act, 29 U.S.C. § 2104(a)(5), which provides that a plaintiff seeking to enforce liabilities under the Act may sue either on his or her behalf, for other persons similarly situated, or both.

## VI.   JURY DEMAND

68.         Plaintiffs demand a jury trial.

## VII.    DAMAGES AND PRAYER

69.    Plaintiffs asks that the Court issue a summons for Defendant to appear and answer, and that Plaintiffs and the Class Members be awarded a judgment against Defendant or order(s) from the Court for the following:

a.    An order certifying that this action may be maintained as a class action/class actions under Federal Rule of Civil Procedure 23;

b.    Designation of Allen R. Vaught, Baron & Budd, P.C. as Class Counsel;

c.    All damages allowed by the WARN Act, including back pay and benefits as provided by 20 U.S.C. § 2104;

d.    Pre-judgment and post-judgment interest;

e.    Costs;

f.    Reasonable attorney's/attorneys' fees; and

g.    All other relief to which Plaintiffs and the Class Members are entitled.

Respectfully submitted,

By:    s/ Allen R. Vaught
Allen R. Vaught
Attorney-In-Charge
TX Bar No. 24004966
MS Bar No. 101695
Baron & Budd, P.C.
3102 Oak Lawn Avenue, Suite 1100
Dallas, Texas  75219
(214) 521-3605 – Telephone
(214) 520-1181 – Facsimile
avaught@baronbudd.com

ATTORNEYS FOR PLAINTIFFS